# UNITED STATES OF AMERICA
## IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

JANE DOE, by her Next Friend
MOTHER OF JANE DOE,

        Plaintiff,

v.

WARREN CONSOLIDATED SCHOOLS, a
Michigan municipal corporation,  ROBERT
LIVERNOIS, JUDY HIRZEL, HELEN
MEDUVSKY, JOSEPH KONAL, KENDALL
GIOVANNINI, KERRY WEISHAUPT,
BERNADETTE FREDERICK, WILLIAM
WALTERS, and DOREEN DICKMAN,

        Defendants.

Case No. 13-cv-13714-SFC-PJK
Hon. Sean F. Cox
Magistrate Paul J. Komives

_____/

SEIKALY & STEWART, P.C.
Attorneys for Plaintiff
WILLIAM R. SEIKALY (P33165)
BENJAMIN J. WILENSKY (P75302)
CHOI T. PORTIS (P77123)
30300 Northwestern Hwy., Ste. 200
Farmington Hills, Michigan 48334
(248) 785-0102
wrs@sslawpc.com

_____/

## MOTION FOR A PROTECTIVE ORDER AND TO FILE UNDER SEAL AFFIDAVIT OF COUNSEL IDENTIFYING PLAINTIFF DOE

NOW COMES the Plaintiff, JANE DOE, by her Next Friend, MOTHER OF

JANE DOE, by and through her attorneys SEIKALY & STEWART, P.C., and for

1

her Motion for a Protective Order and to File Under Seal Affidavit of Counsel

Identifying Plaintiff Doe says:

1.      The plaintiff has filed her lawsuit against the defendants under the

name "Jane Doe" so as to protect her identity, given the sensitive nature of the

lawsuit and the fact that she was a minor when the events complained of occurred

and is only 12 now.

2.      Plaintiff's counsel, William R. Seikaly, has identified Jane Doe's true

identity in an affidavit.

3.      Plaintiff respectfully requests the Court to order that the affidavit

concerning her identity may be filed under seal.

4.      Plaintiff brings this motion pursuant to E.D. Mich. L.R. 5.3, which

governs the sealing of court records, and relies on the authority of numerous U.S.

Supreme Court cases, as articulated in *In re Knoxville News-Sentinel Co.*, 723 F.2d

470, 473-74 (6th Cir. 1983) and *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458,

461 (10th Cir. 1980), which confirm that courts have discretionary power to seal

records.

5.      It is necessary for the Court to seal the affidavit because the matters

stated in the complaint, all of which occurred while plaintiff was a minor, have

been highly embarrassing and humiliating to the plaintiff – who is still only 12

years old.   Disclosure of the plaintiff's identity would greatly exacerbate her

2

humiliation and embarrassment, and little to no public interest would be served by having the plaintiff's name identified in the case caption.

6.     No means other than sealing the affidavit is available or satisfactory to preserve plaintiff's interest because any other means would necessarily disclose her identity to the public.

7.     The affidavit will be served on the defendants together with the Complaint, this motion, the supporting brief, and plaintiff's proposed order.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

a.     granting her motion for a protective order, and allowing for the affidavit of William R. Seikaly to be filed under seal; and

b.     requiring that all parties, their agents, attorneys and all witnesses to this litigation maintain and protect from disclosure the name of the plaintiff absent further order of this Court.

<div style="margin-left: 40%;">

Respectfully submitted,

SEIKALY & STEWART, P.C.
Attorneys for Plaintiff

By:   /s/ William R. Seikaly
        WILLIAM R. SEIKALY (P33165)
        BENJAMIN J. WILENSKY (P75302)
        CHOI T. PORTIS (P77123)
        30300 Northwestern Hwy., Ste 200
        Farmington Hills, Michigan 48334
        (248) 785-0102
        wrs@sslawpc.com

</div>

Dated: August 29, 2013

3

UNITED STATES OF AMERICA
IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF
MICHIGAN, SOUTHERN DIVISION

JANE DOE, by her Next Friend
MOTHER OF JANE DOE,

        Plaintiff,

v.

WARREN CONSOLIDATED SCHOOLS, a
Michigan municipal corporation,  ROBERT
LIVERNOIS, JUDY HIRZEL, HELEN
MEDUVSKY, JOSEPH KONAL, KENDALL
GIOVANNINI, KERRY WEISHAUPT,
BERNADETTE FREDERICK, WILLIAM
WALTERS, and DOREEN DICKMAN,

        Defendants.

Case No. 13-cv-13714-SFC-PJK
Hon. Sean F. Cox
Magistrate Paul J. Komives

_____/

SEIKALY & STEWART, P.C.
Attorneys for Plaintiff
WILLIAM R. SEIKALY (P33165)
BENJAMIN J. WILENSKY (P75302)
CHOI T. PORTIS (P77123)
30300 Northwestern Hwy., Ste. 200
Farmington Hills, Michigan 48334
(248) 785-0102
wrs@sslawpc.com

_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION FOR A
PROTECTIVE ORDER AND TO FILE UNDER SEAL AFFIDAVIT OF
COUNSEL IDENTIFYING PLAINTIFF DOE**

This is a sexual abuse and discrimination matter in which Plaintiff alleges,

*inter alia*, that she was the victim of sexual abuse and harassment, and that the

4

Warren Consolidated Schools and several of its employees and administrators knew of the abuse and harassment and were deliberately indifferent to it.   The abuse suffered by Plaintiff has been and is deeply embarrassing and humiliating, and Plaintiff has filed this lawsuit under the pseudonym "Jane Doe" to protect her from suffering further embarrassment, mortification and humiliation.   Plaintiff's counsel, William R. Seikaly, has identified the plaintiff Doe in his affidavit, which has been served on the defendants along with the complaint and this motion.

Inherit in the power of courts is the power to seal records.   As held in *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir., 1980):

> It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession. [FN1] See *Nixon v. Warner Communications*, Inc., 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); *Nixon v. Sirica,* 159 U.S.App.D.C. 58, 79, 487 F.2d 700, 721 (D.C.Cir.1973). See also *Birnbaum v. Wilcox-Gay Corp.*, 17 F.R.D. 133, 139 (D.C.Ill.1953). In exercising this discretion we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties. See *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 602, 98 S.Ct. 1306, 1314, 55 L.Ed.2d 570 (1978); *In re Sarkar,* 575 F.2d 870, 872 (Cust. & Pat.App.1978).
>
> FN1. There are no statutes or rules that would seem to limit or preclude the exercise of this power. Federal courts are exempt from the Freedom of Information Act. See 5 U.S.C. s 551(1)(B). 28 U.S.C. s 753(b), which provides for recordation of proceedings, applies only to district courts. The same is true of Fed.R.Civ.P. 43(a) and 77(b). We express no opinion on the question whether Congress could limit this power.

*See also In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 473-74 (6th Cir. 1983).

Plaintiff respectfully says that good cause exists to allow plaintiff to file Mr. Seikaly's affidavit under seal, and to allow plaintiff to proceed under a pseudonym. The privacy of minors in court cases is often protected.  Cases involving minors frequently employ case captions identifying the minor only by his or her initials. So too, cases involving allegations of sexual abuse also frequently identify one or more parties with pseudonyms or the parties' initials.

Little to no public interest would be served by having the plaintiff's name identified in the case caption.  There is no less restrictive way of protecting the plaintiff's identity, because any other means would necessarily disclose plaintiff's identity to the public.

Plaintiff will serve Mr. Seikaly's affidavit, identifying the plaintiff, on the defendants together with the complaint, this motion, and a copy of the proposed order (or, a copy of the Order itself, if the Court has granted the Motion before the effectuation of service).  Thus, defendants' interests will be fully protected.

The plaintiff respectfully urges the Court to protect her privacy by granting her motion for a protective order, allowing the filing of Mr. Seikaly's affidavit under seal, and to further order that all parties, their agents and attorneys, and all witnesses to this litigation maintain and protect from disclosure the name of the plaintiff absent further order of this Court.

Respectfully submitted,

.                                    SEIKALY & STEWART, P.C.
                                     Attorneys for Plaintiff

                              By:   /s/ William R. Seikaly
                                     WILLIAM R. SEIKALY (P33165)
                                     BENJAMIN J. WILENSKY (P75302)
                                     CHOI T. PORTIS (P77123)
                                     30300 Northwestern Hwy., Ste 200
                                     Farmington Hills, Michigan 48334
                                     (248) 785-0102
                                     wrs@sslawpc.com

Dated: August 29, 2013